UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.R., by and through his parents and guardians, Ju.R. and Ja.R., individually, on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF ILLINOIS; CATHOLIC HEALTH INITIATIVES MEDICAL PLAN; and CATHOLIC HEALTH INITIATIVES,<br><br>Defendants. | NO. 2:18-cv-1191<br><br>COMPLAINT<br>(CLASS ACTION)<br><br>[REDACTED] |

## I.  PARTIES

1.     ***J.R.***  Plaintiff J.R. is the four-year-old son and dependent of Ju.R. and Ja.R. and resides in King County, Washington.  J.R. is a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of the Catholic Health Initiatives Welfare Benefit Plan.  J.R.'s coverage is through Ju.R.'s employment with Catholic Health Initiatives.

2.     ***Blue Cross and Blue Shield of Illinois.***  Blue Cross and Blue Shield of Illinois (BCBSIL) is the third-party administrator for the Catholic Health Initiatives Welfare Benefit Plan and a fiduciary under ERISA.

3.     ***Catholic Health Initiatives Medical Plan.***  The Catholic Health Initiatives Medical Plan ("Plan") represents that it is an employee welfare benefit plan

COMPLAINT (CLASS ACTION) – 1

under the Employment Retirement Security of Act of 1974 ("ERISA").  The Plan provides health benefits for Catholic Health Initiatives' employees and their dependents such as J.R.

4. ***Catholic Health Initiatives.***  Defendant Catholic Health Initiatives ("CHI") is the "Plan Sponsor" and "Plan Administrator" and is a named fiduciary under ERISA.

## II.   JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

6. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, a defendant resides or may be found in this district.  In addition, this lawsuit is properly filed in the Western District of Washington in Seattle because the claim arose in King County, Washington.  *See* LCR 3(e)(1).

7. In conformity with 29 U.S.C. § 1132(h), Plaintiff has served this Complaint by certified mail on the Secretary of Labor and the Secretary of Treasury.

## III.   NATURE OF THE CASE

8. J.R. seeks to end Defendants' standard practice of health coverage discrimination against J.R. and other enrollees with autism spectrum disorder ("ASD") who need treatment with Applied Behavior Analysis ("ABA") therapy.  Early and intensive provision of medically necessary ABA therapy can dramatically improve the health and life-long well-being of enrollees with ASD, a mental health condition. Defendants, however, exclude all coverage of medically necessary ABA services to treat ASD.  Plaintiff seeks to enforce the Federal Mental Health Parity Act through ERISA and the terms of the Plan to end such discriminatory practices.

9. On October 3, 2008, Congress passed the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, commonly known as

COMPLAINT (CLASS ACTION) – 2

the Federal Mental Health Parity Act.  The Federal Parity Act expanded the scope of previous federal legislation on access to mental health coverage and was "designed to end discrimination in the provision of coverage for mental health and substance use disorders, as compared to medical and surgical conditions."  *Coalition for Parity v. Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010).  The Federal Parity Act requires that the exclusions and limitations imposed on mental health services are "no more restrictive" than those applied to substantially all medical and surgical benefits.  *See* 29 U.S.C. § 1185a(a)(3); 42 U.S.C. § 300gg-5(a)(3); 26 U.S.C. § 9812(a)(3).  The Federal Parity Act took effect as of October 3, 2009.

10.     The Federal Mental Health Parity Act requires Defendants to cover all outpatient, intermediate and inpatient services that are medically necessary to treat mental health conditions, if it also covers those services for medical/surgical conditions. It further requires that Defendants ensure that treatment limitations on services to treat DSM mental health conditions are no more restrictive than the predominate treatment limitations imposed on substantially all of the Plan's medical and surgical services. 29 U.S.C. § 1185a(3)(A)(ii).

11.     Defendants do not apply the Federal Mental Health Parity Act requirements to all services that are necessary to treat mental health conditions.  While Defendants purport to cover mental health treatment for "illnesses affecting mental health" including ASD, they have adopted a uniform policy excluding all coverage for ABA therapy to treat ASD, even when medically necessary.  J.R. was denied his request for coverage of ABA services to treat his ASD.  When J.R. appealed, Defendants denied his appeal, asserting that ABA therapy was excluded from coverage.

12.     Defendants' uniform exclusion of ABA coverage in its Plan, policy and practices violates the requirements of the Federal Mental Health Parity Act (29 U.S.C. § 1185a) and its implementing regulations.  These laws both regulate the Plan

COMPLAINT (CLASS ACTION) – 3

and are incorporated into it as "terms of the plan[s]" into the Plan under ERISA. Defendants' ABA exclusion violates the Parity Act in at least two different ways: **First,** defendants' ABA exclusion violates the Parity Act on its face. It is a "separate treatment limitation[ ] that [is] applicable only with respect to mental health or substance use disorder benefits." *See* 29 U.S.C. §1185(a)(a)(3)(A)(ii). **Second,** and as applied, it is a form of treatment limitation that is "more restrictive than the predominate treatment limitation[ ] applied to all substantially all medical and surgical benefits covered by the plan." *Id.*

13.    Specifically, as demonstrated by the BCBSIL coverage policy, ABA therapy is a form of intensive outpatient mental health treatment. An exclusion of all coverage of ABA therapy is a special exclusion that is applicable only with respect to mental health or substance use disorder benefits. Moreover, the ABA therapy exclusion is a form of illegal non-quantitative treatment limitation since the blanket exclusion of medically necessary ABA therapy is more restrictive than the predominate treatment limitations applied to substantially all medical and surgical benefits covered by the plan.

14.    By failing to comply with the Federal Mental Health Parity Act and the terms of the Plan as modified by the Parity Act, the Defendants are systemically and uniformly failing to properly process claims and administer the Plan. The Plan's participants and beneficiaries have not received the benefits they are entitled to under the Plan as modified by federal law. The Plan's participants and beneficiaries are being misinformed by Defendants with respect to their right to coverage under the Plan and federal law.

15.    This lawsuit seeks remedies for Defendants' breach of fiduciary duty under ERISA, arising out of their failure to comply with the terms of the Plan and relevant federal law. It further seeks to recover the benefits that have been wrongfully denied to J.R. and the class he seeks to represent. It also seeks a court order declaring

COMPLAINT (CLASS ACTION) – 4

Defendants' exclusions, limitations, policies and practices related to ABA therapy to treat ASD to be illegal and void.  The lawsuit further seeks an injunction to prevent any future or ongoing efforts by Defendants to use and enforce any exclusions, limitations, policies or practices that impermissibly deny, exclude or limit beneficiaries' access to medically necessary ABA therapy to treat ASD under the Plan.  Finally, it seeks to require Defendants to provide accurate information concerning the legally-required coverage of ABA under the Plan.

### IV.  CLASS ALLEGATIONS

16.     ***Definition of Class***.  J.R. proposes the following class:

All individuals who:

(a) have been, are, or will be participants or beneficiaries under Catholic Health Initiatives Medical Plan in effect or renewed on or after August 10, 2012 and/or the relevant limitations period; and

(b) have received, require, or are expected to require ABA therapy for the treatment of ASD.

17.     ***Size of Class***.  The class of persons who have received, require or are expected to require ABA for the treatment of ASD, and who have been, are or will be beneficiaries under the Plan, is expected to number in the hundreds and is so large that joinder of all members is impracticable.

18.     ***Class Representative J.R.***  Named Plaintiff J.R. is an enrollee in the Plan.  J.R. is diagnosed with ASD, a condition that is listed in the most recent Diagnostic and Statistical Manual of Mental Disorders ("DSM").  J.R. needs ABA services to treat his ASD.  Defendants denied J.R.'s requests for coverage of ABA services as excluded under the Plan.  His claims are typical of the claims of the other members of the class, and through his parents, he will fairly and adequately represent the interests of this class.

COMPLAINT (CLASS ACTION) – 5

19.    ***Common Questions of Law and Fact***.   This action requires a determination of whether Defendants' policies and practices that deny, exclude and/or limit coverage of ABA therapy to treat ASD violates the Federal Mental Health Parity Act and the terms of the Plan as modified by the Federal Mental Health Parity Act. Adjudication of this issue will in turn determine whether Defendants are liable under ERISA for their conduct.

20.    ***Separate suits would create risk of varying conduct requirements***. The prosecution of separate actions by class members against Defendants would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct.   Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(1).

21.    ***Defendants have acted on grounds generally applicable to the class.*** By applying policies and practices that result in the exclusion of coverage of ABA therapy to treat ASD, Defendants have acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the entire class.   Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(2).

22.    ***Questions of law and fact common to the class predominate over individual issues.***   The claims of the individual class members are more efficiently adjudicated on a class-wide basis.   Any interest that individual members of the classes may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism.   Upon information and belief, there is no pending class action suit filed against the Defendants for the same relief requested in this action. Issues as to Defendants' conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class.   Certification is therefore additionally proper under Federal Rule of Civil Procedure 23(b)(3).

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

23. **Venue.**  This action can be most efficiently prosecuted as a class action in the Western District of Washington, where Defendants do business and where J.R. resides.  The case is properly assigned to the Western District of Washington in Seattle, because the claim arose in King County Washington, where Plaintiff resides and receives ABA therapy.

24. **Class Counsel.**  J.R. has retained experienced and competent class counsel.

## V.   FACTUAL BACKGROUND

25. During certain time periods on and after August 10, 2012, J.R. and members of the class have been, are or will be participants or beneficiaries of the Plan, which is subject to ERISA pursuant to 29 U.S.C. § 1003.

26. During the class period, and continuing to the present, J.R. and other members of the class have been diagnosed with ASD.

27. During the class period and continuing to the present, Plaintiff J.R. and other members of the class have required, currently require or will require ABA services to treat their ASD.  As defined by the Plan, BCBSIL's medical policy and relevant state and federal law, their ABA services are "mental health services" which may be medically necessary.

28. As a standard practice and policy, Defendants have excluded all coverage of such treatment through the application of exclusions and limitations.

29. Specifically, Plaintiff J.R. was diagnosed with ASD by Kelly A. Johnson, Ph.D. of the University of Washington's Autism Center on or about December 2, 2016.

30. Both the University of Washington Autism Center and J.R.'s treating pediatrician, Jonathan Fox, M.D., recommended that J.R. receive ABA therapy to treat his ASD.

COMPLAINT (CLASS ACTION) – 7

31.     On or about September 18, 2017, J.R.'s parents enrolled him in treatment with Northwest ABA therapy services, where he received treatment from Adrienne Barker, M.Ed., BCBA.

32.     Northwest ABA is a licensed provider of ABA therapy that accepts insurance coverage through Premera, Optum/United Behavioral Health, Regence BlueShield, Kaiser Health Plan of Washington and others.

33.     Ms. Barker is a licensed BCBA in the State of Washington.

34.     Prior to enrolling with Northwest ABA, J.R.'s mother called Defendant BCBSIL to request coverage of ABA therapy for J.R.  His mother was told that the Plan excludes all coverage of ABA, but no written denial was provided.

35.     On or about October 10, 2017, J.R.'s parents submitted an appeal of the verbal denial of coverage for ABA therapy to Defendants.  *Appendix A.*

36.     On October 25, 2017, BCBSIL, on behalf of CHI, denied the appeal because "Applied Behavior Analysis (ABA) Therapy is not a covered benefit of this plan."  *Appendix B*.  BCBSIL stated that the ABA exclusion was the sole basis for the denial and that "this decision is not an issue of medical necessity."  The denial letter stated it was due to "plan requirements."

37.     But for BCBSIL's application of the ABA exclusion, J.R.'s ABA therapy would have been covered as medically necessary mental health treatment. Specifically, as described in the Plan, benefits are available for all Covered Services that are necessary for the diagnosis and/or treatment of an "Illness Affecting Mental Health" (a disorder listed in the latest version of the Diagnostic and Statistical Manual, including autism spectrum disorder) when provided by a licensed Clinical Professional Counselor working within the scope of his or her license.  J.R.'s ABA therapy met all of these requirements.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

38.     Since the October 25, 2017 denial, BCBSIL has denied coverage of J.R.'s ABA therapy.

39.     On December 6, 2017, J.R.'s parents appealed Defendants' denial of their October 10, 2017 appeal.  ***Appendix C.***

40.     On May 3, 2018, Defendants denied J.R.'s appeal, claiming that the second denial was a Level I denial.  ***Appendix D.***

41.     On June 20, 2018, in order to ensure that there was no dispute that J.R. exhausted his administrative remedies, J.R.'s parents submitted another Level II appeal of the denial of coverage for J.R.'s ABA.  ***Appendix E***.

42.     Defendants denied J.R.'s appeal on July 26, 2018.  ***Appendix F.***

43.     The sole basis for Defendants' denial of J.R.'s request for coverage of ABA therapy and the appeals submitted on his behalf was the Plan's exclusion of ABA therapy.  The application of this uniform Plan exclusion and limitation is not "at parity" with the Plan's coverage of medical/surgical services.   As a result, J.R. and other members of the class have paid for ABA services out of their own pockets or face the imminent threat that they will have to do so in the near future.  Other class members have been forced to forgo needed treatment due to Defendants' conduct.

44.     In light of the established Plan documents, statements and written representations by Defendants to the parents and providers of J.R. and other members of the class, any attempt by class members to pursue administrative remedies is futile.  Nonetheless, J.R. has completed the internal appeal process within the Plan to no avail.  He has exhausted his administrative remedies.  *See **Appendices A-F***.

COMPLAINT (CLASS ACTION) – 9

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

## VI.   CLAIMS FOR RELIEF

**FIRST CLAIM:**
**BREACH OF FIDUCIARY DUTIES**
**ERISA §§ 404(a)(1), 502(a)(2); 29 U.S.C. §§ 1104(a), 1132 (a)(2)**

45.     J.R. re-alleges all paragraphs above.

46.     Defendant CHI is a plan fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it is the Plan Administrator and Plan Sponsor.  Defendant CHI exercises discretionary authority or discretionary control with respect to the denial and appeal of denied claims under the Plan.

47.     ERISA imposes strict fiduciary duties upon plan fiduciaries.  ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

48.     The terms of an ERISA plan include provisions of substantive federal law, such as the requirements in the Federal Parity Act.  Defendants have failed to comply with the terms of the Plan as modified by the requirements of the Federal Mental Health Parity Act, and its implementing regulations.

49.     Defendants violated their obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), by failing to act in accordance with the documents and instruments governing the Plan and breached their fiduciary duties to J.R. and all class members.

50.     As a direct and proximate result of these acts and omissions, J.R. and all class members have been injured and are entitled to equitable relief under ERISA

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

against Defendants.   Such equitable relief includes injunction, reformation, and

processing and reprocessing of previously excluded ABA therapy services.

**SECOND CLAIM:**
**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS**
**UNDER TERMS OF THE PLANS AND CLARIFICATION OF**
**RIGHT TO FUTURE BENEFITS UNDER THE PLAN**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

51.     J.R. re-alleges all the paragraphs above.

52.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a

participant or beneficiary may bring an action to "recover benefits due to him under the

terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights

to future benefits under the terms of the plan."

53.     J.R. and the class are entitled to recover benefits due them under the

terms of the Plan.   They are also entitled to a declaration of present and future rights to

coverage of ABA services to treat ASD, a mental health condition.

**THIRD CLAIM:**
**CLAIM TO ENJOIN ACTS AND PRACTICES IN VIOLATION OF THE TERMS**
**OF THE PLANS, TO OBTAIN OTHER EQUITABLE RELIEF AND TO**
**ENFORCE THE TERMS OF THE PLANS**
**ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

54.     J.R. re-alleges all the paragraphs above.

55.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant

or beneficiary may "enjoin any act or practice which violates any provision of this

subchapter or the terms of the plan."   J.R. and the class seek to enjoin Defendants from

continuing to apply exclusions and limitations on all coverage of ABA services to treat

ASD.   J.R. and the class also seek to have Defendants provide the class with corrective

notice, reformation of the relevant Plan documents and processing or reprocessing of all

claims for ABA to treat ASD incurred by class members during the class period.

COMPLAINT (CLASS ACTION) – 11

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

56.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms.  To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), then J.R. and the class seek equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, and surcharge arising out of defendants' failure to administer the terms of the Plan as modified by the Federal Parity Act and its implementing regulations.

## VII.  DEMAND FOR RELIEF

WHEREFORE, J.R. requests that this Court:

1.     Certify this case as a class action; designate named Plaintiff J.R., by and through his parents Ja.R. and Ju. R., as class representative, and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore as class counsel;

2.     Enter judgment on behalf of the Plan, J.R. and the class for injury to the integrity of the Plan and/or losses sustained by such Plan due to Defendants' breaches of fiduciary duty and failure to pay Plan benefits;

3.     Declare that Defendants may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit ABA services to treat ASD, a mental health condition, since such exclusions and/or limitations are not predominantly applied to medical and surgical services;

4.     Enjoin Defendants from further violations of the terms of the Plan as modified by the Federal Parity Act and its implementing regulations;

5.     Enter judgment in favor of J.R. and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Federal Parity Act and its implementing regulations;

COMPLAINT (CLASS ACTION) – 12

1        6.      Award J.R. and the class their attorneys' fees and costs under ERISA

2    § 502(g), 29 U.S.C. § 1132(g); and

3        7.      Award such other relief as is just and proper.

4        DATED:  August 14, 2018.

5                                    SIRIANNI YOUTZ
                                     SPOONEMORE HAMBURGER
6
7                                    By:  s/ Eleanor Hamburger
                                     By:  s/ Richard E. Spoonemore
8                                    Eleanor Hamburger (WSBA #26478)
                                     Richard E. Spoonemore (WSBA #21833)
9                                    SIRIANNI YOUTZ SPOONEMORE HAMBURGER
                                     701 Fifth Avenue, Suite 2560
10                                   Seattle, WA 98104
                                     Tel. (206) 223-0303; Fax (206) 223-0246
11                                   Email:  ehamburger@sylaw.com
                                                rspoonemore@sylaw.com
12                                   Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT (CLASS ACTION) – 13