The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.R., by and through his parents and guardians, Ju.R. and Ja.R., individually, on behalf of similarly situated individuals, | NO. 2:18-cv-01191-JLR |
| Plaintiff, | PLAINTIFF'S UNOPPOSED MOTION: |
| v. | (1) FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT; |
| BLUE CROSS AND BLUE SHIELD OF ILLINOIS; CATHOLIC HEALTH INITIATIVES MEDICAL PLAN; and CATHOLIC HEALTH INITIATIVES, | (2) FOR APPROVAL OF CLASS NOTICE PACKAGE; AND |
| Defendants. | (3) TO ESTABLISH A FINAL SETTLEMENT APPROVAL HEARING AND PROCESS |
| | **Noted for Consideration:** **November 4, 2019** |

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

## Table of Contents

I.    INTRODUCTION ...................................................................................... 1

II.   EVIDENCE RELIED UPON ...................................................................... 2

III.  FACTS ......................................................................................................... 2

IV.  OVERVIEW OF THE SETTLEMENT AGREEMENT ............................. 3

    A.   CHI Defendants Will Provide Coverage for ABA Therapy
          Without Exclusions or Limitations ............................................... 3

    B.   The Agreement Provides for Retrospective Relief on ABA
          Therapy Claims ............................................................................. 4

    C.   *Pro Rata* Reduction in the Event of Insufficient Funds ................... 5

    D.   Reversion ....................................................................................... 5

    E.   Class Release ................................................................................. 5

    F.   Attorney Fees, Costs and Incentive Awards .................................. 6

V.   LAW AND ARGUMENT ............................................................................ 6

    A.   Legal Standards for the Approval of a Class Action
          Settlement Agreement ................................................................... 6

    B.   Plaintiff's Case Is Strong, But the Risk that Litigation
          Could Go on for Years Was Also High .......................................... 8

    C.   The Amount Offered in Settlement Is Fair, Adequate and
          Reasonable .................................................................................... 9

    D.   The Settlement Agreement Provisions Governing
          Attorney Fees and Costs Are Fair and Reasonable ......................... 10

    E.   The Settlement Agreement's Incentive Award Provision Is
          "Fair, Adequate and Reasonable" ................................................ 13

    F.   The Settlement Was the Result of Arm's-Length
          Negotiations .................................................................................. 14

    G.   There Was Sufficient Discovery .................................................... 15

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – ii
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

H.   Class Counsel Is Experienced in Similar Litigation and
     Recommend Settlement ..................................................................15

I.   The Proposed Notice, Opportunity to Submit Objections
     and Fairness Hearing Are Sufficient to Safeguard the
     Interests of Class Members ...........................................................15

J.   A Final Approval Hearing Should Be Set .....................................16

K.   Proposed Scheduling Order ...........................................................17

VI.   CONCLUSION ..............................................................................17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – iii
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

## I.   INTRODUCTION

Plaintiff J.R., by and through his parents Ju.R. and Ja.R., brought this class action lawsuit against Blue Cross and Blue Shield of Illinois ("BCBSIL"), Catholic Health Initiatives Medical Plan (the "Plan"), and CommonSpirit Health (f/k/a Catholic Health Initiatives ("CHI")), seeking coverage for medically necessary treatment of his autism spectrum disorder ("ASD"). The Plan and CHI are collectively referred to as "CHI Defendants," and the CHI Defendants and BCBSIL are collectively referred to as "Defendants."

Soon after filing the lawsuit, the parties began to discuss possible settlement, but were unable to reach agreement without discovery.  *See* Dkt. Nos. 26, 30.  The parties engaged in extensive discovery, including five depositions and over 15,000 pages of documents.  Hamburger Decl., ¶¶3-4.  Plaintiff's counsel provided a formal settlement offer on June 5, 2019, with active negotiations starting after Plaintiff filed his Motion to Amend the Complaint and Motion for Class Certification. *Id.; see* Dkt. Nos. 36 and 41. By September 24, 2019, the parties reached an agreement in principle on the key terms of the Settlement, and notified the Court.  *See* Dkt. No. 53.  The Settlement Agreement was executed November 4, 2019.  *See* Agreement to Settle Claims, attached hereto at *Appendix 1* ("Agreement").

Under the terms of the Agreement, Defendants will provide broad prospective and retrospective relief to plaintiff and the proposed settlement class.

With respect to prospective relief, CHI Defendants agree to continue to cover Applied Behavior Analysis ("ABA") therapy, the essential treatment for ASD, without exclusions and treatment limitations through at least 2021. *See App. 1,* §6. As a result of the Agreement, settlement class members will continue to have comprehensive coverage of ABA therapy to treat ASDs.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 1
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

With respect to retrospective relief, the Settlement Agreement establishes an $800,000 settlement fund to pay past claims (whether previously submitted or not) related to ABA therapy, attorneys' fees, costs, and incentive awards. Based upon the claims processes in other cases and an analysis by plaintiff's expert, class counsel anticipates that the settlement fund will be sufficient to pay all claims at or near 100%. Hamburger Decl., ¶5.

Accordingly, plaintiff moves for an Order preliminarily approving the Settlement Agreement. Specifically, pursuant to Federal Rule of Civil Procedure 23(e), plaintiff hereby moves the Court to:

    (a)    preliminarily approve the Settlement Agreement;

    (b)    authorize the mailing of notice to class members; and

    (c)    establish a final settlement approval hearing and process.

## II.  EVIDENCE RELIED UPON

Plaintiff relies upon the Declarations of Eleanor Hamburger. While Defendants do not oppose this motion, they do not necessarily agree with the facts or legal conclusions alleged herein.

## III.  FACTS

Plaintiff J.R. is a child diagnosed with ASD whose health care providers prescribed ABA therapy as medically necessary treatment for his ASD. *See* Dkt. No. 1-3. CHI Defendants, through claims administrator BCBSIL, denied coverage, notifying J.R.'s parents that ABA therapy was not a covered benefit. Dkt. Nos. 1-2, 1-4. J.R. and his parents appealed the denial of coverage, providing significant authority for the illegality of the denial, but to no avail. Dkt. Nos. 1-3, 1-5, 1-6. This case was filed on August 14, 2018, on behalf of J.R, and on behalf of similarly situated individuals. Dkt. No. 1. Plaintiff alleged that Defendants' exclusion of ABA therapy to treat ASD violated the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 2
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

Equity Act of 2008 ("Mental Health Parity Act" or "Parity Act"), 29 U.S.C. § 1185a. Dkt. No. 1, ¶12.  After J.R. filed the lawsuit, CHI Defendants amended the Plan to eliminate the exclusion for ABA therapy, and provide coverage for the service, effective January 1, 2019.  Hamburger Decl., ¶6.

The proposed Settlement Agreement was reached after discovery and several months of negotiations with Defendants.  The parties exchanged formal discovery, deposed five witnesses, proposed offers and counteroffers, and drafts of the proposed Settlement Agreement.  Hamburger Decl., ¶¶3-4.  On September 24, 2019, the parties agreed in principle to the $800,000 settlement fund amount.  *Id.*  The Settlement Agreement was signed on November 4, 2019.

## IV.  OVERVIEW OF THE SETTLEMENT AGREEMENT

This "Overview" section provides a summary of the key terms of the proposed Settlement Agreement.  The "Law and Argument" section of this brief then addresses why the Court should preliminarily approve the agreement and authorize the class notice package to be sent.

**A.    CHI Defendants Will Provide Coverage for ABA Therapy Without Exclusions or Limitations**

Under the terms of the Settlement Agreement, CHI Defendants will continue to provide ABA coverage without age or treatment limitations or any other exclusion that categorically denies ABA coverage. The Settlement Agreement removes the barriers to access and specifically prevents CHI Defendants from denying coverage for any of the reasons historically raised by other insurers or ERISA Plans.  *App. 1*, ¶6.2.  CHI Defendants must provide this ABA coverage at least through December 31, 2021.  *App. 1*, ¶6.1.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 3
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

**B.      The Agreement Provides for Retrospective Relief on ABA Therapy Claims**

The Settlement Agreement provides for an $800,000 fund from which payments will be made for class members' claims for uncovered ABA therapy services during the class period, attorneys' fees, costs, and incentive awards.  ***App. 1***, ¶8.3.

The calculation of damages in this case is based upon the same damages model that has ensured coverage of 100% of claims in other settlements.  Hamburger Decl., ¶5.  Specifically, Plaintiff's counsel relied upon the expert analysis provided by Frank G. Fox, Ph.D., regarding the likely damages incurred for the proposed class, and considered the claims experience in prior settlements, including but not limited to the settlements in *C.S. v. Boeing*, United States District Court for the Western District of Washington, Cause No. 2:14-00574-RSM, and *A.D. v. T-Mobile USA, Inc.*, United States District Court for the Western District of Washington, Cause No. 2:15-cv-00180-RAJ. *See id.*, *Exhs. A, B*. The *Boeing* and *T-Mobile* cases each provided 100% reimbursement to all claimants, just as Plaintiff's counsel anticipates will occur in this claims process.  *Id.*

Epiq Class Action and Claims Solutions, an international administrator of class action settlements, will serve as the "Claims Processor." ***App. 1***, ¶1.5. As the Claims Processor, it will establish a trust into which the $800,000 settlement amount will be paid.  The Claims Processor will review the claims of class members to confirm that the elements of the claim—(1) autism diagnosis, (2) date(s) of ABA treatment and provider(s) who administered that treatment, (3) amount of unreimbursed charges for treatment, and  (4) the medical necessity of the ABA treatment - are on each completed claim form.  ***App. 1***, ¶8.4.3.   The Claims Processor will also confirm that the class member was enrolled under the Plan during the class period.  *Id.*  The Claims Processor must provide a class member who has a deficient claim form an opportunity to cure any problems, and class counsel is empowered to assist the class member in making any claim.  ***App. 1***, ¶¶8.4.3.1, 8.4.3.2.  Any dispute concerning whether a claim should

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

be granted or denied is subject to binding arbitration before (ret.) Judge George Finkle. *App. 1*, ¶8.4.5.

Class members will be eligible for payment from the settlement fund upon submission of a claim form verifying the elements of the claim. *App. 2*, Class Notice Package (proposed Notice, Claim Form, Claim Form Instructions, and Claim Form Certification). The proposed notice and claims process are virtually identical to that approved by the Court in *A.D. v. T-Mobile* and in *R.H. v. Premera BlueCross*, 2014 U.S. Dist. LEXIS 108503 (W.D. Wash. Aug. 6, 2014).

**C.   *Pro Rata* Reduction in the Event of Insufficient Funds**

Class counsel anticipates that the settlement amount will be sufficient to pay all claims at 100%, even after payment of attorney fees, costs, incentive awards and costs of administration. Hamburger Decl., ¶5. However, if insufficient funds remain to pay all claimants at 100% after fees, costs, incentive awards and expenses, then all class members will receive a *pro rata* distribution of their approved claimed amount. *App. 1*, ¶8.4.7.

**D.   Reversion**

If funds remain after the payment of claims, attorneys' fees, costs, incentive awards and costs of administration, then those funds shall revert to CHI Defendants. *App. 1*, ¶8.4.6.

**E.   Class Release**

If approved (and in return for the benefits under the Settlement Agreement), the named plaintiff and settlement class will release Defendants from any and all claims related to coverage of or benefits for ABA therapy by members of the settlement class that were brought or could have been brought in this litigation. *App. 1*, ¶¶1.7, 3.1, 3.2.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 5
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**F.      Attorney Fees, Costs and Incentive Awards**

Actual out-of-pocket litigation costs will be paid from the Settlement Fund. *App. 1*, ¶12.2.  An incentive award of up to $10,000 for the parents of J.R. will also be requested from the Court, which—if approved—would also be paid from the Settlement Fund.  *App. 1*, ¶12.3.

The Agreement provides that class counsel may seek up to 28% of the Settlement Amount of $800,000, or $224,000, in attorney fees.  *App. 1*, ¶12.1.

All of these requests are subject to Court review and approval.  *App. 1*, ¶¶12.1, 12.2, 12.3.

## V.   LAW AND ARGUMENT

**A.      Legal Standards for the Approval of a Class Action Settlement Agreement**

Compromise of complex litigation is encouraged and favored by public policy. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).   Federal Rule of Civil Procedure 23 governs the settlement of certified class actions and provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."   FRCP 23(e).   The Court must consider the settlement as a whole, "rather than the individual component parts," to determine whether it is fair and reasonable.  *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety").  Where, as here, the settlement agreement includes broad prospective relief, the Court must include consideration of that relief in its decision.  *See, e.g., Laguna v. Coverall N. Am., Inc.*, 2014 U.S. App. LEXIS 10259, *12 (9th Cir. June 3, 2014); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

FRCP 23(e) sets forth the following procedures:

(1)  The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2)  If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3)  The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4)  If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5)  Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

*Id.*

Judicial review of a proposed class settlement typically requires two steps:  a preliminary approval review and a final fairness hearing.  Preliminary approval is not a commitment to approve the final settlement; rather, it is a determination that "there are no obvious deficiencies and the settlement falls within the range of reason."  *Smith v. Professional Billing & Management Services, Inc.*, 2007 WL 4191749, *1 (D.N.J. 2007) (citing *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D. N.Y. 1997) ). *See also Nat'l Rural Telecomms. Coop. v. DIRECTTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004); MANUAL FOR COMPLEX LITIGATION (4th), § 21.632 at 320 (2004).  If the settlement is preliminarily approved by the Court, then notice of the proposed settlement and the fairness hearing is provided to class members.  At the fairness hearing, class members

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 7
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

may object to the proposed settlement, and the Court decides whether the settlement should be approved.

As part of the Court's consideration, it should consider factors including:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Staton*, 327 F.3d at 959.  Some of these factors, such as the reaction of class members, can only be gauged after preliminary approval and notice is provided.  Especially at this preliminary phase, the question is not "whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion."  *Hanlon*, 150 F.3d at 1027.

In this case, the parties negotiated extensively at arm's length to arrive at a comprehensive Settlement Agreement that ensures ongoing coverage through 2021 and provides back benefits to plaintiff and the class without years of litigation.  The settlement is patently fair and adequate, and was not the result of collusion between the parties.

**B.     Plaintiff's Case Is Strong, But the Risk that Litigation Could Go on for Years Was Also High**

Plaintiff believes that the case for prospective coverage and reimbursement of out-of-pocket payments for wrongly denied ABA therapy claims was very strong and that he would have prevailed at trial.  The proposed settlement reflects this strong position.   It provides for prospective continued coverage of ABA therapy, reimbursement of class members' claims for out-of-pocket expenses related to back benefits, payment of attorney fees, costs and an incentive award, all accomplished

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 8
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

within 14 months of filing the original action.  This resolution achieves a complete resolution for the settlement class without the delay and additional attorney fees and costs that further litigation, including appeals, would have entailed.

Similar litigation against the Washington State Public Employees Benefits Board, Group Health, Premera and Regence took many years, extensive discovery, multiple motions, appellate work, and even, in the case of Regence, a battle before the Washington Supreme Court before the cases reached resolution.  *See e.g., O.S.T. v. Regence Blueshield,* 181 Wn.2d 691, 335 P.3d 416 (2014).  Because the parties were able to develop an agreeable resolution before dispositive motions were filed, attorney fees and expenses for both parties were lower than in many prior Mental Health Parity settlements.

**C.    The Amount Offered in Settlement Is Fair, Adequate and Reasonable**

The Settlement Fund of $800,000 is fair, adequate and reasonable, particularly in light of the prospective relief also obtained.  Class counsel believes that the amount is sufficient to pay all claims of settlement class members.  Based upon enrollment data provided by the CHI Defendants, class counsel was able to calculate the anticipated utilization rates under a model developed by Frank G. Fox, Ph.D., a Ph.D. health economist who has served as an expert for class counsel in ABA cases.  *See* Hamburger Decl., ¶5.

Although Dr. Fox's model predicted damages that are greater than the final Settlement Fund, class counsel anticipates that the claims can be paid at 100%.  *Id.* Dr. Fox's analysis modeled the entire universe of unpaid claims, not the class members who are likely to submit claims.  *See Chesbro v. Best Buy Stores, L.P.,* 2014 U.S. Dist. LEXIS 25404 (W.D. Wash. 2014) (participation of only 8.5% of class members is "within the normal range for participants in class actions.").  Dr. Fox's analysis did not exclude claims that were paid by secondary insurance, Medicaid or other third-party payors

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 9
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

such as the state's birth-to-three program. Hamburger Decl., ¶5.  He did not include cost-sharing deductions.  *Id.*

Plaintiff's counsel's estimates regarding the claims processes have proven to be accurate in its other Mental Health Parity Act cases.  *See id.*  In fact, the settlement amount in this case is similar to the amount agreed to in *C.S. v. Boeing* and *A.D. v. T-Mobile*, as adjusted for this Plan's enrollment.  *Id*.  The claims process in *Boeing* and *T-Mobile* have concluded, and every claimant was paid 100% (with no co-pays, deductibles or co-insurance applied).  *Id.* There is no reason to believe that the amount here will be insufficient, and every reason to believe that the same outstanding result will follow.  *Id.*

Even if the Settlement Agreement results in only partial compensation to class members, it should still be approved because of the broad injunctive relief provided to class members through at least December 31, 2021.  *See, e.g., Laguna,* 2014 U.S. App. LEXIS 10259, *12; *Linney*, 151 F.3d at 1242 (in both cases, the Ninth Circuit affirmed approval of a settlement which provided broad prospective relief in addition to a cash settlement fund).

D.     **The Settlement Agreement Provisions Governing Attorney Fees and Costs Are Fair and Reasonable**

The Settlement Agreement secures an agreement from Defendants that they will not oppose a later motion for attorney fees up to 28% of the $800,000 Settlement Fund. *App. 1*, ¶12.1.   The court need not consider on this motion whether 28% is the appropriate fee award.  Rather, the issue here is whether the Settlement Agreement as a whole, including its provision allowing class counsel to apply for an award of up to 28% of the Settlement Fund, is fair and reasonable. Preliminary approval of the Settlement Agreement does not bind the Court to any provision of attorney fees.  *See, e.g., Jones v. GN Netcom, Inc.,* 654 F.3d 935, 945 (9th Cir. 2011) (the Ninth Circuit's

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

rejection of a fee award does not necessitate invalidation of the trial court's approval of a settlement agreement).

The provision allowing application of a 28% fee award does not render the Settlement Agreement unreasonable.  The benchmark percentage in the Ninth Circuit is 25% of the common fund, with the opportunity to adjust the percentage upwards or downwards depending upon special circumstances (including exceptional results, the level of risk involved in the litigation, any additional common benefits obtained in the Settlement Agreement beyond the cash fund, and a showing that the fee award is similar to standard fees in other similar litigation).  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002). *Accord,* Manual for Complex Litigation (4th), § 14.121 (2004) ("[T]he factor given the greatest emphasis is the size of the fund created, because 'a common fund is itself the measure of success … [and] represents the benchmark from which a reasonable fee will be awarded.'"); Newberg on Class Actions, § 14.6 (same).

Courts typically award fees in the range of 20% to 50% of the common benefit created by counsel's efforts.  *Id.   See also* Manual for Complex Litigation (4th), § 14.121 (2004).  Indeed, 20%-30% is the "usual" range under Ninth Circuit authority. *Vizcaino,* 290 F.3d at 1047-48.  However, the "usual" range is not a cap or ceiling on fees. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1310 (9th Cir. 1990) ("The benchmark percentage should be adjusted … when special circumstances indicate that the percentage recovery would be either too small or too large….").  When supported by "the complexity of the issues and the risks," as well as exceptional results, a court can—and should—depart from that range.  *See, e.g., In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (approving 33⅓% award); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming 33⅓% award).

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 11
[NO. 2:18-cv-01191-JLR]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington  98121
Tel. (206) 223-0303   Fax (206) 223-0246

The first step in computing a fee under the common fund doctrine is to calculate the total value of the benefit conferred upon the class.  *Vizcaino*, 290 F.3d at 1049 ("[N]onmonetary benefits conferred by the litigation are a relevant circumstance" to consider when evaluating the total benefit of the litigation).  This value includes the amount a defendant was forced to pay into a fund, as well as sums paid (or to be paid) directly by a defendant to class members due to a forced change in policy:

> Though in many common fund cases the size of the recovery is easily determined, if prospective or other nonmonetary relief is granted, the recovery may be difficult to evaluate.  Nevertheless, the fee should be based on a percentage of the value of ***all*** the relief obtained for the class of beneficiaries through counsel's effort, whether monetary or nonmonetary.

M.F. Derfner and A. Wolf, COURT AWARDED ATTORNEY FEES, ¶2.06, pp. 2-86-87 (2000) (emphasis in original).  *See also* A. Conte, ATTORNEY FEE AWARDS, § 2.05, p. 37 (1993) ("[N]umerous courts have concluded that the ***amount of the benefit conferred*** logically is the appropriate benchmark against which a reasonable common fund fee charge should be assessed") (emphasis added); *id.*, § 2.22 (all benefits should be presented to court in common fund fee application).

In this case, class counsel not only secured a cash fund of $800,000 but also obtained an agreement to continue to cover ABA therapy ***without limitations or exclusions*** to Plan participants.  Even if the prospective relief of ABA coverage for all eligible CHI beneficiaries were valued at just $800,000, then 28% of the cash settlement amount would constitute a very small percentage of the actual common benefit to the class.

The Court may "cross-check" the percentage approach by considering the potential loadstar fee award.  *Vizcaino,* 290 F.3d at 1050.  Performing the "cross-check" reveals that the fee request is justified.  Through August, 2019, class counsel has

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 12
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

dedicated over 280 hours to litigating this case.  Hamburger Decl., ¶8.  More time will be spent through the notice and approval process, and class counsel will provide its fee and expense chart when filing its motion for attorneys' fees.  At class counsel's normal hourly rates, the time value of the effort to date exceeds $160,000.00.  At a 28% fee award, the amount sought would presently represent a multiplier of 1.4, an extremely reasonable if not low multiplier.  *See Vizcaino*, 290 F.3d at 1051 (approving a percentage-of-the-settlement award where the loadstar cross-check multiplier was 3.65, and noting that most lodestar cross-check multipliers are often in the 1-4 range).  A multiplier of more than 2 is reasonable considering the *Kerr* factors, including the risks involved in the litigation, the length of the litigation, the novelty of the issues involved, the contingent nature of the cases, and awards in similar cases.  *See Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).  Here, class counsel obtained systemic, far-reaching change for all CHI participants.  The attorney fee provision in the Settlement Agreement is fair and reasonable.

**E.     The Settlement Agreement's Incentive Award Provision Is "Fair, Adequate and Reasonable"**

The Ninth Circuit has established the factors to consider when reviewing incentive awards for named plaintiffs.  The Court must consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, the amount of time and effort the plaintiff expended in pursuing the litigation and reasonable fears of workplace retaliation" when determining whether an incentive award is appropriate.  *Staton,* 327 F.3d at 977, citing to *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998).  "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit."  *Cook*, 142 F.3d at 1016 (approving a $25,000 incentive award); *see, e.g., Louie v. Kaiser Found. Health Plan, Inc.,*

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

2008 U.S. Dist. LEXIS 78314, 18 (S.D. Cal., Oct. 6, 2008) (preliminary approval of a $25,000 incentive award where named plaintiffs "have protected the interests of the class and exerted considerable time and effort by maintaining three separate lawsuits, conducting extensive informal discovery, hiring experts to analyze discovered data and engaging in day-long settlement negotiations with a respected mediator").

Here, J.R., through his parents, dedicated substantial time, effort, and risk to protect the interests of the class. They gathered and organized documents related to their child's mental health condition, appealed the denials of coverage and they were subject to deposition by Defendants' counsel.  Class counsel will submit declarations from the parents of the class representative detailing their specific efforts in the application for fees, costs and incentive awards, assuming the Settlement Agreement is preliminarily approved. At this point the Court need not decide whether such an incentive award should be ordered.  The Court should conclude that the provision in the Settlement Agreement permitting class counsel to seek an incentive award of up to a total of $10,000 for the parents of J.R., the class representative, does not render the proposed Settlement Agreement unfair or a product of collusion.

**F.      The Settlement Was the Result of Arm's-Length Negotiations**

This case was extensively negotiated at arm's-length, and involved numerous offers and counter-offers.  Hamburger Decl., ¶4.  The resulting Settlement Agreement closely follows similar agreements negotiated by class counsel with Boeing, T-Mobile and other health insurance plans.  *Id*.  Just as occurred in the Boeing and T-Mobile settlements, Plaintiff and his counsel agreed to a reversion of unclaimed funds because defendants settled before class certification—a concession that made sense in light of Defendant's decision to institute an ABA benefit even prior to an agreement on a comprehensive deal.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 14
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**G.      There Was Sufficient Discovery**

Given the blanket exclusion of ABA coverage in the Plan and class counsel's vast background in similar cases, discovery in this case focused on (1) the role each defendant played in limiting or excluding coverage for medically necessary ABA therapy, (2) the bases for such limitation or exclusion, and (3) the amount of damages the class suffered from the limitation and exclusion.  Through discovery, class counsel learned that during the class period, the Plan was administered by eight different claims administrators, and that the ABA exclusion under the CHI Plan was consistent for claims administered by seven[1] of the eight claims administrators.  Thus the class definition includes those participants or beneficiaries with an ASD diagnosis whose claims were administered by all third party administrators (except Zenith American Solutions), including but not limited to BCBSIL.  Class counsel obtained sufficient information in discovery to effectively model the expected utilization of ABA for the class and to determine that the Settlement Fund, after payment of fees, costs and incentive award, should be sufficient to cover 100% of potential claims.  Hamburger Decl., ¶3.  Discovery was sufficient to reach a settlement of this matter.

**H.      Class Counsel Is Experienced in Similar Litigation and Recommend Settlement**

Class counsel is very experienced in similar class action litigation and strongly recommends that the Settlement Agreement be approved.  Hamburger Decl., ¶¶2, 10.

**I.       The Proposed Notice, Opportunity to Submit Objections and Fairness Hearing Are Sufficient to Safeguard the Interests of Class Members**

The Court should also approve the proposed notice and direct that it be mailed to each class member. *See **App. 2***. This proposed notice adequately summarizes the

---

[1] One of the claims administrators—Zenith American Solutions—covered ABA therapy during the proposed class period, and those Plan participants are excluded from the Class.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 15 [NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

Settlement Agreement, informs class members where they can get further information, explains how class members can file objections, including objection to a motion for fees and incentive award, and informs class members of the date and time of the settlement approval hearing.  It also explains the process for submitting claims.  Interested class members will have an opportunity to consult with class counsel or an attorney of their own choosing.  Those who wish can get more information about the Settlement Agreement from class counsel.  Lastly, should any objections of substance be made, the Court can provide the objector with an opportunity to be heard at the final approval hearing.

**J.      A Final Approval Hearing Should Be Set**

Finally, class members with comments, concerns or objections to any aspect of the Settlement Agreement should be provided with an opportunity to submit written material for the Court's consideration.  Class members who wish to appear in person to address the Court with any comments, concerns or objections should also be provided with an opportunity to appear at a hearing before the Court decides whether to finally approve the Settlement Agreement.

Class members who wish to appear in person should notify the Court and the parties of their desire to be heard, along with a statement of the issue or issues that they would like to address.  The proposed notice and proposed order submitted with this motion require that such notice be given so that the Court and the parties can consider and address the specific issues that class members wish to raise at the hearing.  Finally, the Class requests that the Court set a hearing date to consider class members' comments and to decide whether the Settlement Agreement should be finally approved and implemented.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 16
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

**K.      Proposed Scheduling Order**

The Class proposes that the Court issue a scheduling order along with preliminary approval of the Settlement Agreement.  The proposed Order includes a proposed schedule which includes deadlines for:  (1) sending class notice; (2) class counsel to file a motion for attorneys' fees, costs and incentive awards; (3) class members to file comments and objections with the Court; and (4) the filing of a motion for final approval of the Settlement Agreement.

**VI.  CONCLUSION**

Plaintiff respectfully requests that the Court:

(a)      preliminarily approve the Settlement Agreement;

(b)      authorize the mailing of notice to the settlement class members; and

(c)      establish a final settlement approval hearing and process.

DATED:  November 4, 2019.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC


        */s/Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)
Richard E. Spoonemore (WSBA #21833)
Daniel Gross (WSBA #23992)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email:  ehamburger@sylaw.com
           rspoonemore@sylaw.com
           dgross@sylaw.com
Attorneys for Plaintiff

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 17
[NO. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2019, I caused the foregoing to be served by email to the following:

- **Lisa M.C. Elizondo**
  lelizondo@kilpatricktownsend.com, irountree@kilpatricktownsend.com, lisa.mc.elizondo@gmail.com

- **Lars S. Golumbic**
  lgolumbic@groom.com

- **Daniel S. Gross**
  daniel@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Eleanor Hamburger**
  ehamburger@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Jeffrey G. Maxwell**
  jeffreym@mrbclaw.com, jodiw@mrbclaw.com

- **Gwendolyn C. Payton**
  GPayton@kilpatricktownsend.com, abianco@kilpatricktownsend.com, irountree@kilpatricktownsend.com

- **Paul J. Rinefierd**
  prinefierd@groom.com

- **Richard E. Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, theresa@sylaw.com, stacy@sylaw.com

- **Kara Wheatley**
  kwheatley@groom.com

DATED:  November 4, 2019, at Seattle, Washington.

_____/s/ Eleanor Hamburger_____
Eleanor Hamburger (WSBA #26478)
Email: ehamburger@sylaw.com

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 18
[NO. 2:18-cv-01191-JLR]