The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.R., by and through his parents and guardians, Ju.R. and Ja.R., individually, on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS AND BLUE SHIELD OF ILLINOIS; CATHOLIC HEALTH INITIATIVES MEDICAL PLAN; and CATHOLIC HEALTH INITIATIVES, <br><br> Defendants. | NO. 2:18-cv-01191-JLR <br><br> PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT, AWARD OF ATTORNEYS' FEES AND LITIGATION COSTS, AND INCENTIVE AWARD <br><br> **Noted for Hearing:** <br> **April 15, 2020** |

## I.   INTRODUCTION

Plaintiff J.R., by and through his parents, Ju.R., and Ja.R. and on behalf of the Settlement Class, moves for final approval of the Settlement Agreement.  The settlement provides broad prospective and retrospective relief to plaintiff and the class. Based upon the timely claims submitted, all claims will paid at 100%.

Before this lawsuit, Catholic Health Initiatives (now a part of CommonSpirit Health and referred to herein as "CHI") excluded coverage of Applied Behavior Analysis ("ABA") therapy, the essential treatment for Autism Spectrum Disorder ("ASD"), in all but one of its health plans.  Since the lawsuit was filed, CHI amended its Plan to provide

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

coverage of ABA therapy, the subject of this case.  *See* Dkt. No. 56, ¶6.  The Settlement Agreement requires CHI to continue to cover ABA therapy at least through December 31, 2021.  Dkt. No 54-1, ¶6.

The settlement also provides retrospective relief, establishing a settlement fund of $800,000 to pay previously uncovered claims for ABA therapy, attorneys' fees, costs and a case contribution award. Dkt. No. 54-1, ¶¶1.20, 1.21, 8.1, 8.2. The deadline for submitting claims was April 1, 2020. Dkt. No. 60, ¶10. Now that the deadline has passed, it is clear that the settlement fund is sufficient to pay all valid claims at 100%, as well as attorneys' fees, litigation costs, a case contribution award, and settlement administration costs.  Dkt. No. 56, ¶7; Hamburger Decl., ¶4.

Class notice was sent initially to 21,423 current and former CHI Medical Plan participants and beneficiaries enrolled in the Plan at any time from August 14, 2012 through December 31, 2018 who incurred expenses for ABA treatment with an autism diagnosis during the class period.  Dkt. No. 54-1, ¶2.2.2. Dkt. No. 64, ¶¶4-7.  No objections to the Settlement Agreement were lodged.  Enlund Decl., ¶7. No one objected to the requested attorneys' fees, litigation costs or case contribution awards. *Id.* The lack of objectors confirms that the Settlement Agreement achieves its goals.

This is a complete victory.  Class members are assured of future coverage at least through December 21, 2021, and all valid timely claims for reimbursement will be paid at 100%.  Few class actions achieve such successful results.  For these and other reasons, the Settlement Agreement should be approved as fair, reasonable and adequate and the attorneys' fees, litigation costs and incentive award sought by class counsel awarded.

The parties have met and stipulated to an extension of the claims deadline due to the COVID-19 crisis.  Hamburger Decl., ¶12; *see* Stipulated Final Order.  At least two class members submitted incomplete claims due to the COVID-19 crisis.  Enlund Decl., ¶4.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 2
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303    FAX (206) 223-0246

The parties stipulate that the Court should direct the claims administrator to continue to accept late claim forms until June 1, 2020. *See* Stipulated Final Order. Based upon the claims received, the parties should have the opportunity to submit a proposal to the Court as to how the Late Claims should be handled, once the scope of those claims is known. *Id.* Class counsel anticipates that the settlement fund is sufficient to pay all valid Late Claims at or near 100%.

In the meantime, the parties agree that the Settlement Agreement be approved, and the timely claims processed and paid as quickly as possible. Hamburger Decl., ¶13.

## II.   EVIDENCE RELIED UPON

This Motion relies upon the Declarations of Kara Wheatley, Elizabeth Enlund and Eleanor Hamburger in Support of Motion for Final Approval of Settlement Agreement as well as the records and pleadings in this case. While Defendants do not oppose this motion, they do not take a position on the facts or legal conclusions alleged herein, except as might otherwise be specified.

## III.   FACTS

On November 25, 2019, this Court preliminarily approved the Settlement Agreement in this matter. Dkt. No. 60. The Court directed CHI and the Plan to provide the Claims Processor with the names and addresses of Class Notice Recipients located after a reasonable search within 60 days of the entry of the order. Dkt. No. 60, ¶4. The Court's Order and a subsequent Stipulated Order Modifying Settlement Approval Process and Class Notice Package required the Claim Processor to mail court-approved notices, claim forms, claim instructions and a "Certification of Payment(s)" (Dkt. No. 54-2; Dkt. No. 62-1) to the Class Notice Recipients within 20 days of receiving the list of Class Notice Recipients from Defendants. Dkt. No. 60, ¶¶2, 5; Dkt. No. 63 at 1-2. Class Notices and Claim Form Materials were mailed in accordance with the Class Notice procedures on February 13, 2020. Dkt. No. 64, ¶7. The Claims Processor updated Notice

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 3
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

1   recipients' addresses when the notices were returned and re-mailed the notices to all

2   updated addresses located.  *Id.*, ¶¶8-9.

3          Class counsel also established a settlement web page within 30 days of the date of

4   this Order that contained the Class Notice, the Claim Form Materials and key filings in

5   the litigation, including the Motion for Attorneys' Fees, Litigation Costs and

6   Contribution       Award.        Hamburger       Decl.,       ¶2;     *see*

7   http://www.symslaw.com/chisettlement/ (last visited 3/25/20).  Defendants provided

8   the required notice under the Class Action Fairness Act ("CAFA").  Wheatley Decl.,

9   *Exh. 1.*

10          The Class Notice informed participants in the CHI Medical Plan ("the Plan") of

11   the general terms of the settlement including their ability to submit claims for

12   reimbursement for medically necessary ABA services that the participants or affiliated

13   beneficiaries (e.g., participants' dependents covered by the Plan) obtained to address

14   autism during the class period (August 14, 2012 – December 31, 2018). Dkt. No. 64 at 7-

15   8. It also informed the participants that, if they wished to submit a claim, they must

16   complete the Claim Form and provide supporting materials by April 1, 2020.  *Id.* at 7.

17   After the notice was issued, class counsel received calls from class members responding

18   to the notice. Dkt. No. 66, ¶6. All the contacts from class members were supportive of

19   the settlement, with a number of the callers expressing gratitude for the litigation.  *Id.*

20          On April 3, 2020, the Claims Processor reported to class counsel that a total of 5

21   claims had been received by the Claims Processor by the deadline of April 1, 2020.

22   Enlund Decl., ¶4. To date, one late-filed claim has been received. *Id.*, ¶6.  The total

23   unadjudicated value of the claims that have already been received is $63,568.75.

24   Hamburger Decl., ¶4.  This amount does not include the $18,674 to be paid to the named

25   plaintiff for unreimbursed ABA therapy services and related expenses, as described in

26   the Settlement Agreement.  Dkt. No. 54-1, ¶8.5. Based upon these claims, the Settlement

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 4
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

Fund is more than sufficient to pay all current valid claims at 100%, as well as the requested attorneys' fees, litigation costs, case contribution awards, and the costs of claims administration.  Hamburger Decl., ¶4.

The COVID-19 pandemic has had a profound impact on individuals in this Judicial District and across the country, limiting their movement, closing businesses, and forcing them to focus on immediate health and safety concerns. *See, e.g.*, Proclamation by Washington State Governor Jay Inslee 20-25.[1]  It is likely that class members have been hindered in their ability to obtain documentation and submit claims. Others may be front-line health care workers, unable to submit their claim while working overtime at CHI facilities.  For this reason, the parties agree and stipulate that a late claims process should be permitted.  *See* Stipulated Final Order.

At the same time, class members who were able to timely submit their valid claims should not have to wait longer to receive the reimbursement to which they would be entitled under the Settlement Agreement, at a time at which many families are facing huge financial challenges.

Accordingly, the Parties propose the following:

1.      The Court should grant final approval to the Settlement Agreement and allow the Parties to pay all valid, timely-filed claims, the cost of claims administration, attorneys' fees, litigation costs and the case contribution award;

2.      The Court should order the Claims Processor to continue to accept and process class members' claims received over the period from April 2, 2020 to June 1, 2020 ("Late Claims");

---

[1] *See* https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf (last visited Apr. 1, 2020).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 5
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

3.     The Court should direct the parties to meet on how the Court should direct the claims administrator to handle the Late Claims and submit that proposal to the Court or, in the event that the parties are not able to reach an agreement on this, submit separate proposals to the Court, by no later than June 15, 2020; and

4.     The Court should order Class Counsel to submit to the Court a Final Report in accordance with the terms of the Settlement Agreement, after the administration of all claims. *See* Stipulated Final Order.

## IV.  OVERVIEW OF THE SETTLEMENT AGREEMENT

**A.     CHI and its Medical Plan Will Provide Coverage for ABA Under Agreed Clinical Criteria**

The Settlement Agreement ensures prospective coverage of ABA therapy.  After this lawsuit was filed, CHI removed its ABA coverage exclusion, and in the Settlement Agreement, it committed to continue ABA coverage at least through December 31, 2021. Dkt. No. 54-1, ¶6.1. Under the terms of the Settlement Agreement, CHI is providing ABA coverage without age or treatment limitations, without exclusion as experimental/investigational, or any other exclusion that categorically denies ABA coverage. *Id.,* ¶¶6.2, 6.2.7.

**B.     The Agreement Provides for Retrospective Relief on ABA Therapy Claims**

The Settlement Agreement provides for an $800,000 fund from which payments will be made for class members' claims for uncovered ABA therapy services during the class period, attorneys' fees, costs, and incentive awards.  Dkt. No. 54-1, ¶¶1.20, 1.21, 8.1, 8.2.  Based upon the actual claims submitted by April 1, 2020, all timely-submitted valid claims will be paid at 100%.  Hamburger Decl., ¶4.  Class Counsel further believes it is likely that all valid Late Claims (received between April 2, 2020-June 1, 2020) can be paid in full. *Id.,* ¶12.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 6
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

The Claims Processor estimates that completing the claims processing will likely cost approximately $24,131.54.  Enlund Decl., ¶9.

**C.      Reversion**

There will likely be remaining funds after the payment of claims, attorneys' fees, costs, incentive awards, and costs of administration.  *See* Hamburger Decl., ¶4.  Those funds shall revert to CHI.  Dkt. No. 54-1, ¶8.4.6.

**D.      Attorneys' Fees, Costs, and Case Contribution Awards**

Class counsel has moved for payment of $224,000 for attorney fees, 28% of the Settlement Amount.  Dkt. No. 54-1, ¶12.1. Dkt. No. 65. This payment represents 11% of the total benefit to class members, which includes not only the back benefits but also at least one year of prospective relief, securing continued coverage of medically necessary ABA services.  *See* Dkt. No. 54-1, ¶6.1. Dkt. No. 65 at 2-3. Dkt. No. 66, ¶3. Class counsel also seeks reimbursement of costs totaling $9,008.14, and a case contribution award of $10,000 for the parents of the named Plaintiff.  Dkt. No. 54-1, ¶¶12.2, 12.3. Dkt. No. 65, at 3. Dkt. No. 66, ¶2.  All of these requests are subject to Court review and approval.  Dkt. No. 54-1, ¶¶12.1, 12.2, 12.3.

**V.   LAW AND ARGUMENT**

**A.      Legal Standards for The Approval of a Class Action Settlement Agreement**

Compromise of complex litigation is encouraged and favored by public policy.  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).  Federal Rule of Civil Procedure 23 governs the settlement of certified class actions and provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  The Court must consider the settlement as a whole, "rather than the individual component parts," to determine whether it is fair and

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 7
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

reasonable. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety"). Where, as here, the settlement agreement includes broad prospective relief, the Court must include consideration of that relief in its decision. *See, e.g., Laguna v. Coverall N. Am., Inc.*, 2014 U.S. App. LEXIS 10259, 12 (9th Cir., June 3, 2014); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

Factors to be considered by the Court should include:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Staton,* 327 F.3d at 959. *See* Dkt. No. 54, pp. 11–16 (addressing factors).

Some of these factors, such as the reaction of class members, can only be gauged after preliminary approval and notice is provided to class members. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms … are favorable to class members." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007). "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecom. Coop, v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 11:50 at 155 (4th ed. 2002)). Here, every factor weighs strongly in favor of approval.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303    FAX (206) 223-0246

**B.    All of The Factors Support Final Approval of The Settlement Agreement**

Under the Settlement Agreement, the class members have obtained complete prospective and retrospective relief of their claims and payment of attorneys' fees and costs.  Class members did not compromise to obtain this outcome.

**1.    No Objections Were Filed**

The absence of objections establishes a strong presumption in favor of approval. *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529. Where, as here, the class is "nearly silent" regarding the terms of the settlement agreement, "the lack of objection of the Class Members favors approval of the Settlement Agreement." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1043 (3 objectors appeared out of 57,630 potential class members); *see, e.g.*, *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 577 (9th Cir. 2004) (45 objections out of 90,000 notices sent); *Rodriguez v. West Publ. Corp.*, 2007 U.S. Dist. LEXIS 74767, at \*33 (C.D. Cal. Sept. 10, 2007) (54 objections out of 376,000 notices).  Here, there are no objections out of over 21,000 notices mailed. Dkt. No. 60, ¶5. This factor weighs strongly in favor of approval.

**2.    All Claims Received by April 1, 2020 Will Be Paid At 100%**

Now that the initial claims process has closed, it is clear that the Settlement Amount is sufficient to pay all timely claims submitted by class members at 100% of their approved amount.  Hamburger Decl., ¶4.

This is an extraordinary result.  Common fund settlements where a cents-on-the-dollar recovery is obtained are often approved.  *See Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair."); *see, e.g., In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) (approving a settlement fund that compensated class members at 36% of their losses).  Here, not only will the payment be at 100% of the timely valid

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 9
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

claims, but class members receive reimbursement for all the costs of their ABA therapies, without the application of deductibles, co-payments, or co-insurance.

### 3.  Strength of Plaintiffs' Case

Plaintiff's case was quite strong. But in settlement, a clear process was established for undisputed prospective relief and speedy reimbursement for treatment sought during the class period whether or not Class members had previously submitted claims for such treatment.  Indeed, the prospective coverage for ABA, which defines exactly how ABA must be covered by CHI's Medical Plan, likely exceeds what plaintiff could have obtained at trial.

### 4.  Risk, Expense, And Duration of Further Litigation and Risk of Maintaining Class Action Status

Plaintiff understood that there was risk that he might not prevail on his argument. Defendants faced the same uncertainty. In light of that risk, settlement made sense, particularly since the Settlement Agreement was anticipated to provide for payment of all claims and costs.

### 5.  Stage of Discovery and Proceedings

Class counsel conducted targeted discovery focused on the role each defendant played in limiting or excluding coverage for medically necessary ABA, the bases, if any, for the exclusion, and the damages the class suffered as a result.  With respect to damages, class counsel obtained sufficient information in discovery from CHI and BCBSIL to effectively model the expected utilization of ABA for the class.  *See, e.g.*, Dkt. No. 66-4, ¶4.

### 6.  Views of Counsel

Class counsel strongly supports final approval of the Settlement Agreement.  The Agreement provides for coverage going forward and full payment of all timely-

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 10
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

submitted valid claims. From every angle, this Settlement Agreement is an excellent result for class members. Hamburger Decl., ¶13.

**C.    Payment for Litigation Expenses, Claims Administration, And Cost of Class Notice**

The Court should also approve the payment from the Settlement Fund for the costs of litigation expenses ($9,008.14), class notice, and claims administration through March 31, 2020 ($63,903.60). Enlund Decl., ¶9; Dkt. No. 66-2. Class counsel will provide a complete accounting for all costs in the Final Report.

**D.    Payment of Attorneys' Fees and Case Contribution Award**

No objections were received to the payment of the class counsel's fees at 28% or $224,000 of the common fund. No objections were submitted regarding the payment of litigation costs or the case contribution award. Defendants do not object to the payments. Given the excellent outcome in the Settlement Agreement, the attorneys' fees, litigation costs and case contribution award are reasonable and should be awarded.

**E.    Establishment of Late Claim Deadline and Review Process Due to COVID-19**

The Parties stipulate and request that the Court allow the consideration of claims received from class members from April 2, 2020 through June 1, 2020, to accommodate the extraordinary impact the COVID-19 pandemic has had on class members. Class counsel has served as class counsel in numerous settlements in which the courts have allowed for the processing of late-filed claims. Hamburger Decl. ¶11. Here, where the timely response rate is less than anticipated, given the size of the class notice, the parties presume that the COVID-19 crisis impacted the claims rate. Indeed two class members who submitted timely but incomplete claims, identified the crisis as a reason their claims were incomplete.

Accordingly, the Parties jointly agree and ask the court to direct the Claims Administrator to continue to accept Late Claims through June 1, 2020. Class counsel shall

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 11
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303    FAX (206) 223-0246

post notice about the acceptance of Late Claims on the Settlement website that class counsel maintains, noting that whether and how the Court will approve the payment of Late Claims will be determined after June 15, 2020. The parties stipulate that they should meet and confer regarding the Late Claims after June 1, 2020, to determine if they can jointly agree to a proposal for how Late Claims should be administered.  If the parties reach agreement, they should submit to the Court a joint proposal regarding Late Claims. If no agreement is reached, each party should be required to submit a proposal to the Court regarding how the Court should address the Late Claims. The Parties suggest that they should be required to file their Late Claims Processing proposal(s), no later than June 15, 2020.

With those revisions, Class counsel urges the Court to grant final approval of the Settlement Agreement now, rather than wait until the Court determines how to administer Late Claims.  Class counsel believes that even after the payment of other obligations under the Settlement Agreement, there is likely to be sufficient funds in the Qualified Settlement Fund to pay valid Late Claims at their full value.  Hamburger Decl., ¶12.  Class members who submitted timely claims should receive payment as soon as possible, especially in light of unprecedented financial challenges imposed by the COVID-19 crisis.

**F.    Final Report and Payment of Residual Funds To CHI**

The Court should further order that class counsel provide a final report to the Court regarding claims processing and disbursement of funds by no later than 30 days after the Claims Processor has processed all valid claims.  Dkt. No. 54-1, ¶8.4.6. The report should detail the payment of (1) attorneys' fees; (2) litigation costs; (3) costs of claims administration; (4) arbitration costs described in Docket No. 54-1, ¶8.4.5; (5) case contribution award; (6) unreimbursed ABA claims for J.R.; (7) payment of approved, valid claims; and (8) any estimated taxes due on the Qualified Settlement Fund.  The

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 12
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

report will also identify any incurred but not yet paid expenses, taxes, and estimated administrative expenses necessary to complete and close the activities of the Qualified Settlement Fund. Dkt. No. 54-1, ¶8.4.6. The Court should order that any remaining funds after payment of all of the expenses detailed in the final report, and reserving sufficient funds for payment of anticipated expenses, should be returned to CHI. *Id.* In addition, any funds that remain after the closure of the Settlement Fund should be returned to CHI.

## VI.  CONCLUSION

Plaintiff, on behalf of the class, respectfully requests that the Court:

(a)    finally approve the Settlement Agreement;

(b)    authorize the disbursement of Settlement Funds to pay approved claims, the cost of class notice, claims administration fees and expenses, attorneys' fees, litigation costs, incentive awards, uncovered ABA costs of the named plaintiff, taxes, and any remainder to CHI, consistent with the approved Settlement Agreement and as authorized by the Court in response to class counsel's Motion for Attorneys' Fees, etc. (Dkt. No. 66);

(c)    authorize the claims administrator to accept Late Claims (received between April 2, 2020 and June 1, 2020 inclusive) from class members;

(d)    direct the parties to meet and confer regarding how to handle Late Claims, and submit proposal(s) to the Court regarding the administration of Late Claims by no later than June 15, 2020; and

(e)    order class counsel to submit a final report regarding the distribution of the Qualified Settlement Fund.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 13
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

1

DATED:  April 6, 2020.

2

SIRIANNI YOUTZ
3
SPOONEMORE HAMBURGER PLLC

4
    _/s/ Eleanor Hamburger_
Eleanor Hamburger (WSBA #26478)
5
Richard E. Spoonemore (WSBA #21833)
Daniel Gross (WSBA #23992)
6
3101 Western Avenue, Suite 350
Seattle, WA 98121
7
Tel. (206) 223-0303; Fax (206) 223-0246
Email: ehamburger@sylaw.com
8
          rspoonemore@sylaw.com
          dgross@sylaw.com
9
Attorneys for Plaintiff Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 14
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Lisa M.C. Elizondo**
  lelizondo@kilpatricktownsend.com, irountree@kilpatricktownsend.com, lisa.mc.elizondo@gmail.com

- **Lars S. Golumbic**
  lgolumbic@groom.com

- **Daniel S. Gross**
  daniel@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Eleanor Hamburger**
  ehamburger@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Jeffrey G. Maxwell**
  jeffreym@mrbclaw.com, jodiw@mrbclaw.com

- **Gwendolyn C. Payton**
  GPayton@kilpatricktownsend.com, irountree@kilpatricktownsend.com

- **Paul J. Rinefierd**
  prinefierd@groom.com, jcolumbro@groom.com

- **Richard E. Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, theresa@sylaw.com, stacy@sylaw.com

- **Kara Wheatley**
  kwheatley@groom.com

I further certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

- (No manual recipients)

DATED:  April 6, 2020, at Seattle, Washington.

_/s/ Eleanor Hamburger_
Eleanor Hamburger (WSBA #26478)
Email: ehamburger@sylaw.com

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ETC. – 15
[Case No. 2:18-cv-01191-JLR]