The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| J.R., by and through his parents and guardians, Ju.R. and Ja.R., individually, on behalf of similarly situated individuals,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BLUE CROSS AND BLUE SHIELD OF ILLINOIS; CATHOLIC HEALTH INITIATIVES MEDICAL PLAN; and CATHOLIC HEALTH INITIATIVES,<br><br>　　　　　　　Defendants. | NO. 2:18-cv-01191-JLR<br><br>STIPULATED ORDER:<br>(1) FINALLY APPROVING SETTLEMENT AGREEMENT;<br>(2) APPROVING DISBURSEMENTS PURSUANT TO SETTLEMENT AGREEMENT;<br>(3) APPROVING PAYMENT OF ATTORNEYS FEES, LITIGATION COSTS AND CASE CONTRIBUTION AWARD;<br>(4) ESTABLISHING A LATE CLAIM DEADLINE DUE TO COVID-19; AND<br>(5) ORDERING FINAL REPORT ON DISBURSEMENT OF QUALIFIED SETTLEMENT FUND<br><br>**Noted for Hearing:**<br>**April 15, 2020** |

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 1
[Case No. 2:18-cv-01191-JLR]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Tel. (206) 223-0303   Fax (206) 223-0246

## I. BACKGROUND

On November 25, 2019, the Court preliminarily approved a proposed Settlement Agreement between Plaintiff on behalf of the Class and Defendants Catholic Health Initiatives (now known as CommonSpirit Health and referred to herein as "CHI"), the Catholic Health Initiatives Medical Plan ("the Plan"), and Blue Cross and Blue Shield of Illinois ("BCBSIL") (collectively, "Defendants"). Dkt. No. 60; Dkt. No. 61. In conjunction with that Order, the Court directed CHI and the Plan to transmit the names and addresses of the Class Notice Recipients located after a reasonable search to the Claims Processor within 60 days of the entry of the Order. Dkt. No. 60, ¶4. In an amendment to the initial Order Preliminarily Approving the Settlement Agreement, the Court directed the Claims Processor to mail the Class Notice and partially revised Claim Form Materials (Dkt. No. 54-2; Dkt. No. 62-1) to the Class Notice Recipients within 20 days of receiving the names and addresses of Class Notice Recipients from Defendants. Dkt. No. 60, ¶5; Dkt. No. 63, ¶2. By February 13, 2020, all Class Notices and Claim Form Materials were initially mailed in accordance with the class notice procedures. Dkt. No. 64, ¶¶4-7. Class counsel also established a settlement web page within 30 days of the date of the Order Preliminarily Approving Settlement Agreement, that contained the Class Notice, the Claim Form Materials and key filings in the litigation, including the Motion for Attorneys' Fees, Litigation Costs and Incentive Awards. Hamburger Decl., ¶3. *See* http://www.symslaw.com/chisettlement/.

The Order also provided that class members who wished to comment on or object to the proposed Agreement were required to do so by April 1, 2020. Class members were informed of their rights and of this deadline in the notices that were mailed to them and via links on Class counsel's website.

The Order further scheduled a final settlement hearing, which was held on April 15, 2020, to consider objections and comments by class members and to determine

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 2
[Case No. 2:18-cv-01191-JLR]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Tel. (206) 223-0303   Fax (206) 223-0246

whether the proposed Agreement is fair, reasonable, adequate and should be approved by the Court.

## II.  FINDINGS

1. The parties have reached a Settlement Agreement providing prospective coverage of medically necessary Applied Behavior Analysis (ABA) therapies to treat Autism and a claims process for reimbursement of previously uncovered ABA therapies, the exact terms of which are set out in the Agreement.

2. This Agreement also establishes a settlement fund of $800,000. Under the terms of the Agreement, this fund will be used to pay retrospective claims for unreimbursed ABA therapy services during the class period, attorneys' fees and costs, case contribution awards, costs of claims administration, and taxes. If funds remain after these payments, then the residual funds will be returned to CHI.

3. The Agreement provides that an independent claims administrator will receive and process claims, and it provides for an appeal process in the event of a dispute over whether a claim should be paid.

4. The Court's Order and a subsequent Stipulated Order Modifying Settlement Approval Process and Class Notice Package required the Claim Processor to mail court-approved notices, claim forms, and a "Certification of Payment(s)" to class members by direct mail. The notices informed class members that they had an opportunity to object or submit comments to the Court regarding the proposed Agreement and that they must do so in writing by April 1, 2020.

5. Consistent with the Order, Defendants provided notices and materials required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

6. Class notices were mailed initially to 21,423 participants and beneficiaries in the CHI Medical Plan. The Claims Processor reports that it checked the addresses against the National Change of Address database before mailing and that it would

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 3
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

conduct additional searches for addresses for notices that were returned. *See generally* Dkt. No. 64.

7. No class members objected to the Settlement Agreement. No class members submitted comments. A total of 5 claims were received by the Claims Processor by April 1, 2020. The total value of these claims, before they are adjudicated by the Claims Processor, together with the claim of the named plaintiff is approximately $82,242.75.

### III. CONCLUSIONS

8. Rule 23(e) provides that "a class action shall not be dismissed or compromised without the approval of the court…." Compromise and arbitration of complex litigation is encourage and favored by public policy. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

9. A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery. *See, e.g., Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 625 (9th Cir. 1982); *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 209, 35 P.3d 351 (2001).

10. The following factors are generally considered when determining whether a settlement is fair, adequate and reasonable: the likelihood of success by plaintiff; the amount of discovery or evidence; the settlement terms and conditions; recommendation and experience of counsel; future expense and likely duration of litigation; recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and absence of collusion. *Officers for Justice,* 688 F.2d at 625.

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 4
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

11. Based upon these factors, the Court finds that the Agreement is fair, reasonable, and in the best interests of the class. The requirement of Fed. R. Civ. P. 23 and due process have been satisfied.

12. Specifically, the Court concludes that the Agreement was the result of arm's-length bargaining. It was reached after sufficient discovery and other litigation activity. Although the class had a strong likelihood of success, the key legal issues in the case had not been adjudicated, such that there was risk in proceeding with the litigation. A settlement in which class members will be able to continue to obtain coverage of medically necessary ABA therapies in the future, and full reimbursement for their ABA therapies, achieves the goals of the litigation. There is no evidence of collusion between the parties, and the agreement was reached in good faith.

13. The class was provided with adequate notice, and due process has been satisfied in connection with the distribution of the notice. As noted above, there were no objections to the proposed Agreement, and no opt-outs.

## IV. CLASS NOTICE AND ADMINISTRATIVE COSTS

14. Upon the occurrence of the conditions set forth in section 2 of the Settlement Agreement, the Court authorizes the payment of claims administration costs/fees (totaling to date $63,903.60) from the Settlement Trust Fund to the Claims Administrator. Additional costs related to claims administration and arbitration costs may be paid out of the Settlement Trust Fund as they become due, as necessary. Class counsel shall document and submit those additional invoices and payments in connection with Class Counsel's Final Report, described below.

## V. ATTORNEYS' FEES AND LITIGATION COSTS

15. Class counsel is entitled to attorneys' fees under the common fund doctrine. As permitted by the Agreement, class counsel has sought an award of 28% of

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 5
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

the Settlement Amount. That request is granted, and the Court awards $224,000 as attorneys' fees to class counsel.

16. Class counsel is also entitled to payment of litigation costs. As permitted by the Agreement class counsel sought reimbursement of $9,008.14 in litigation costs. That request is granted, and the Court awards $9,008.14 in litigation costs to class counsel.

17. No objections were received to class counsel's fee request or the request for reimbursement of litigation costs.

18. Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, class counsel is authorized to distribute attorneys' fees and litigation costs from the Settlement Trust Fund to class counsel.

### VI.  CASE CONTRIBUTION AWARDS

19. Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, J.R., by and through his parents Ja.R. and Ju.R. are awarded a case contribution award in the sum of $10,000 as described in the Settlement Agreement. The Court authorizes the disbursement of these funds from the Settlement Trust Fund.

20. No objections were received to the request for case contribution awards.

### VII.  PAYMENTS TO CLASS MEMBERS

21. Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of approved class member claims. The Court authorizes the disbursement of these funds from the Settlement Trust Fund. Class members must negotiate their checks within 90 days of issuance. Class counsel may extend this deadline on request from a class member and is authorized to issue replacement checks for lost checks without further approval of the Court.

22. Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of $18,674.00 to the parents of

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 6
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

J.R., pursuant to Sections 8.3 and 8.5 of the Agreement, reflecting the documented amount of unreimbursed ABA claims incurred by J.R.  The Court authorizes the disbursement of these funds from the Settlement Trust Fund.

### VIII. ESTABLISHMENT OF LATE CLAIM DEADLINE DUE TO COVID-19

23.   Class Counsel anticipates that Late Claims (claims arriving at the Claims Administrator after April 1, 2020 and by June 1, 2020) may be submitted to the claims administrator, due the COVID-19 crisis.

24.   The parties agree that Late Claims should be accepted by the claims administrator through June 1, 2020.

25.   Class counsel shall post notice about the acceptance of Late Claims on its website, but will note that whether and how the Court will approve the payment of Late Claims is uncertain.

26.   The parties shall meet and confer regarding the Late Claims received by June 1, 2020, to determine if they can reach agreement regarding a proposal for how Late Claims should be administered.  If the parties reach agreement, they should submit a joint proposal regarding Late Claims.  If no agreement is reached, each party may submit a proposal to the Court regarding how the Court should address the Late Claims.

27.   The parties must file their Late Claims Processing proposal(s), either jointly or separately, by no later than May 15, 2020.

### IX. CLASS COUNSEL'S FINAL REPORT, DISMISSAL AND REVERSION TO CHI

28.   Class Counsel shall submit a final report to the Court regarding claims processing and disbursement of funds from the Qualified Settlement Fund by no later than 30 days after the Claims Processor processes all valid claims, including any Late Claims authorized for payment by the Court.  The Report shall detail the payment of court-awarded attorneys' fees, costs, expenses, case contribution award, costs of

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 7
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

notice/administration, payment of class member claims, taxes and an agreed-upon or court-approved "holdback amount" necessary to complete the activities of and close the Qualified Settlement Fund. At the same time, Class Counsel shall file a proposed Order of Dismissal.

29. All remaining funds, if any, in the Qualified Settlement Fund shall be returned to CHI within 60 days of the entry of the Order of Dismissal, and consistent with the requirements of the Settlement Agreement. Any part of the "holdback amount" remaining after payment of all expenses and other liabilities of the Qualified Settlement Fund, shall be returned to CHI, upon closure of the Qualified Settlement Fund.

## X. ORDER

It is hereby ORDERED that:

1. The Settlement Agreement is approved as fair, reasonable and adequate under Fed. R. Civ. P. 23, and its terms shall bind class members, since no class member opted-out.

2. Class counsel is awarded attorneys' fees, litigation costs, and reimbursement of costs of notice and administration, as set forth above. These amounts are authorized to be paid to class counsel from the Settlement Trust Fund.

3. Class counsel and/or its designee is also authorized to distribute checks to class members and the named plaintiff in accordance with the Agreement and this Order, as approved by the Claims Processor or on appeal. These amounts are authorized to be paid from the Settlement Trust Fund.

4. Case contribution award of $10,000 to Plaintiff J.R. by and through his parents Ja.R. and Ju.R. as set forth in the Agreement is approved, and lass counsel is authorized to distribute that sum from the Settlement Trust Fund to the parents of J.R.

5. Class counsel is authorized to pay the continuing costs of claims administration and class notice from the Settlement Trust Fund. Class counsel shall

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 8
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

1  document these such payments to the Court in a Final Report submitted at the conclusion of this matter.

6. Class counsel is ordered to submit a Final Report in accordance with the Agreement and this Order.

7. The Claims Administrator is authorized to accept Late Claims (claims submitted between April 2, 2020 and June 1, 2020) from class members.

8. By no later than May 15, 2020, the parties shall jointly or individually submit a proposal or proposals addressing the administration and payment of Late Claims.

9. Class counsel is authorized to distribute to CHI any funds remaining after the payment of court-awarded attorneys' fees, costs, expenses, case contribution award, costs of notice/administration, payment of class member claims, taxes and an agreed-upon or court approved "holdback amount" necessary to complete the activities of and close the Qualified Settlement Fund.  When the Qualified Settlement Fund is closed, Class counsel is authorized to distribute any remaining funds to CHI.

10. The Court shall retain jurisdiction over this matter until the Qualified Settlement Fund is closed and an Order of Dismissal is entered.

It is so ORDERED this 15th day of April, 2020.

_____
JAMES L. ROBART
United States District Judge

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 9
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Presented by:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

  /s/ Eleanor Hamburger
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
Daniel Gross (WSBA #23992)
Attorneys for the Plaintiff Class

KILPATRICK TOWNSEND
& STOCKTON LLP

  /s/ Gwendolyn Payton per email authorization
Gwendolyn C. Payton (WSBA # 26752)
Attorneys for Defendant
Blue Cross Blue Shield of Illinois

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.

  /s/ Jeffrey G. Maxwell per email authorization
Jeffrey G. Maxwell (WSBA # 33503)
Attorneys for Defendant
Catholic Health Initiatives Medical Plan
and Catholic Health Initiatives

GROOM LAW GROUP, CHTD.

  /s/ Kara Wheatley per email authorization
Lars C. Golumbic *(Admitted pro hac vice)*
Paul J. Rinefierd *(Admitted pro hac vice)*
Kara Wheatley *(Admitted pro hac vice)*
Attorneys for Defendant
Catholic Health Initiatives Medical Plan
and Catholic Health Initiatives

STIPULATED ORDER FINALLY APPROVING
SETTLEMENT AGREEMENT, ETC. – 10
[Case No. 2:18-cv-01191-JLR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246